1  Scott P. Shaw, Bar No. 223592
2  Deborah A. Gubernick, Bar No. 242483
3  CALL & JENSEN
   A Professional Corporation
4  610 Newport Center Drive, Suite 700
   Newport Beach, CA  92660
5  Tel:   (949) 717-3000
6  Fax:   (949) 717-3100
   sshaw@calljensen.com
7  dgubernick@calljensen.com
8
9  Attorneys for Defendants and Counterclaimants

10  Stephen M. Doniger (SBN 179314)
    stephen@donigerlawfrim.com
11  Scott A. Burroughs (SBN 235718)
12  scott@donigerlawfirm.com
    DONIGER / BURROUGHS APC
13  300 Corporate Pointe, Suite 355
14  Culver City, California 90230
    Telephone: (310) 590-1820
15  Facsimile: (310) 417-3538
16
17  Attorneys for Plaintiff/Counter-Defendants

18              **UNITED STATES DISTRICT COURT**
19
                **CENTRAL DISTRICT OF CALIFORNIA**
20

| | |
|---|---|
| 21  M.M.P., INC., a California corporation, | Case No.  CV 12 0567 DSF (VBKx) |
| 22              Plaintiff, | Assigned for all purposes to: Hon. Dale S Fischer, Dept. 840 |
| 23              vs. | |
| 24 | **STIPULATED PROTECTIVE ORDER** |
| 25  EVA VARRO LLC (also known as EVA VARRO INTERNATIONAL), a California | NOTE: Changes have been made by the Court |
| 26  corporation, CALIFORNIA STYLE DYNAMICS CORPORATION, a | |
| 27  California corporation, EVA VARRO, an | |
| 28  individual, CALIN SENCIAC, an | |

| | |
|---|---|
| individual, and NORDSTROM, INC., a Washington corporation,<br><br>  Defendants. | |
| EVA VARRO LLC (also known as EVA VARRO INTERNATIONAL), a California corporation, and CALIFORNIA STYLE DYNAMICS CORPORATION, a California corporation,<br><br>  Counterclaimants,<br><br>  vs.<br><br>M.M.P., INC., a California corporation, and CLASSICAL SILK INCORPORATED, a California corporation,<br><br>  Counter Defendants. | Complaint Filed:  January 20, 2012<br>Trial Date:     None Set |

Pursuant to the Stipulation of the Parties, and good cause appearing the Court hereby orders that:

## I.

## PURPOSE OF THIS PROTECTIVE ORDER / STATEMENT OF GOOD CAUSE

The purpose of this Stipulated Protective Order is to provide a means for limiting access to and use and disclosure of Confidential Documents or Information that are produced in this action to the parties for use in this case unless otherwise ordered by the Court. The parties acknowledge that certain financial information, including mark-up,

mark-down, and profit margin information may not be generally known to the public and may constitute sensitive business information that Defendant(s) may want to keep confidential.

Specifically, the apparel industry is a highly competitive industry and the information that is subject to this case, if disclosed publicly, may cause competitive harm. The parties in this action have agreed to keep certain information confidential to avoid the possibility of irreparable competitive harm.

## II.

## DEFINITION OF "CONFIDENTIAL DOCUMENTS OR INFORMATION"

"Confidential Documents or Information" are all Documents or Information that (a) have been produced by a party in this action; and (b) have been properly designated as "Confidential" pursuant to paragraph III, below.

## III.

## DESIGNATION OF "CONFIDENTIAL DOCUMENTS OR INFORMATION"

Defendant may designate such documents or information as "Confidential" in accordance with the following procedures:

  A. Criteria for Classification

    1. "Confidential" Documents or Information. A party may designate documents or information as "Confidential" if the party reasonably believes the documents or information embody (a) sensitive, competitive or other confidential business information; (b) sensitive financial information; (c) sensitive product information; (d) sensitive personal information; (e) other sensitive material that the party does not customarily disclose to the public; or (f) documents or information that the party currently maintains as Confidential and are seeking to maintain as Confidential for purposes of this action. The parties understand, however, that they

may not designate as "confidential" any material or information that is otherwise publicly available.

B. Time of Designation

Unless otherwise agreed between counsel for the parties, the designation of Confidential Documents or Information shall be made at the time of the production of documents.

C. Manner of Designation

The designation of Confidential Documents or Information shall be made in the following manner:

1. For documents, by placing the notation "Confidential" on each page of such document;

2. For tangible items, including any documents or information produced on magnetic disks or other computer related media, ("Confidential Material"), by placing the notation "Confidential" on the object and, if applicable, on the container thereof or if such are not practicable, as otherwise agreed by the parties.  In the event a party receiving "Confidential Material" generates any "hard copy" or printout from any "Confidential Material," that party must immediately stamp each page "Confidential," and the hard copy or printout shall be treated as "Confidential Information pursuant to this Stipulated Protective Order."

D. Retroactive Designation

1. Inadvertent production of any confidential document or information without a designation of confidentiality will not be deemed to waive a later claim as to its confidential or privileged nature or prevent Defendant from re-designating said document or information as "Confidential" promptly after discovery of such inadvertent production.

2. Within a reasonable time after production, the party designing information or documents "CONFIDENTIAL" may retroactively designate (or withdraw a designation) of confidential documents or information under paragraphs

III(B) and (C) above, regarding any material that it has produced, provided however, that such retroactive designation (or withdrawal) shall be in accordance with the terms of this Order. Such retroactive designation (or withdrawal) shall be accomplished by notifying counsel in writing of such retroactive designation (or withdrawal). Upon receipt of any such written re-designation, counsel shall (i) not make any further disclosure or communication of such retroactively designated material except as provided for in this Order; (ii) take reasonable steps to notify all persons known to have possession of any retroactively designated material of the effect of such re-designation under this Order; and (iii) take reasonable steps to procure all copies of such retroactively designated material from any persons known to have possession of any such retroactively designated material who are not entitled to receipt under this Order.

    E. Resolution of Disputes Regarding Designation

If a party, at any time, wishes to have the "Confidential" designation of any particular Confidential Documents or Information removed or changed, that party shall first request the change in writing. Thereafter, the parties shall make good faith efforts to resolve the dispute. If the designating party refuses to agree to remove or change the designation, then the objecting party may move, pursuant to Local Rule 37. At all times during the process of challenging a designation, the parties shall treat the Confidential Documents or Information as originally designated until a change is agreed to or the motion is decided by the Court and written notice of such decision is served on the parties.

## IV.

## PERSONS TO WHOM CONFIDENTIAL DOCUMENTS OR INFORMATION MAY BE DISCLOSED

    A. Disclosure of Documents or Information Designated as "Confidential"

Documents or Information designated as "Confidential" may be disclosed and copies may be provided only to:

    1.    The parties' counsel of record and such counsels' support staff, legal assistants and clerical personnel;

    2.    Expert witnesses or consultants retained by the parties or their respective attorneys in connection with this action who have complied with paragraph IV(D), below;

    3.    Outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action.

    4.    The court and its personnel, or any other tribunal of competent jurisdiction having involvement in this matter and its personnel;

    5.    Any mediator or arbitrator selected by the parties to mediate or arbitrate this action; and

    6.    The parties.

B.    Additional Authorized Disclosure of Documents or Information Designated as "Confidential"

Notwithstanding anything to the contrary in paragraphs IV(A) or IV(B) above, particular Confidential Documents or Information that have been designated as "Confidential" may be disclosed and copies may be provided:

    1.    To persons who are explicitly named on the document as the authors or addressees or to persons who may be shown to be an author or recipient of any particular document;

    2.    To any other persons with the prior written consent of the designating party; and

    3.    To any other persons with the prior authorization of the Court.

If a document designated as "Confidential" refers to the conduct or affairs of a potential witness, counsel may discuss such conduct or affairs with such person without revealing that such document exists, its authors or its source.

D.   Disclosure to Experts or Consultants

Prior to disclosing or providing copies of any Confidential Documents or Information to any expert or consultant pursuant to paragraphs IV(A) or IV(B), above, the non-designating party, shall first obtain the agreement of the expert, consultant or anyone else to whom such disclosure will be made to be bound by the terms of this Stipulated Protective Order as set forth in the attached "Acknowledgment and Agreement To Be Bound." Specifically, the expert or consultant acknowledge that, during the course of his or her retention, the expert or consultant will have access to, and become acquainted with, various Confidential Documents or Information. The expert or consultant shall agree not to disclose such Confidential Documents or Information, directly or indirectly, to any person or entity not subject to this protective order or use them in any way outside the specific scope of his/her retention as an expert witness in this litigation, during this litigation or at any time thereafter. All materials designated as "Confidential" coming into the expert or consultant's possession shall be returned to the designating party at the end of the litigation, including any expert's work product and/or notes. All consultant(s) will destroy their work product and notes at the end of the litigation and/or provide their work product and notes to the party or counsel who has retained the consultant(s) destruction. The expert or consultant hereby warrants and represents that he/she has no bias toward or against any parties involved in this litigation, nor offers his or her expert testimony or opinion for any anti-competitive purpose.

E.   Return of Confidential Documents or Information by Experts and Consultants

Confidential Documents or Information disclosed to any expert or consultant may be retained by such expert or consultant provided that such expert or consultant subsequently returns any and all copies of such Confidential Documents or Information to the designating party promptly upon the termination of their engagement or in compliance with the provisions of paragraph VI, whichever occurs sooner.

## V.

## USE OF CONFIDENTIAL DOCUMENTS OR INFORMATION

A. Use of Confidential Documents or Information Generally

Confidential Documents or Information shall be used by the non-designating parties, their respective agents, and any other persons to whom such Confidential Documents or Information may be disclosed pursuant to this Stipulated Protective Order, for no purpose other than (1) in this action; or (2) as otherwise compelled by lawful process (provided the designating party is given a reasonable notice to object); or (3) as otherwise required by law. Notwithstanding the foregoing, nothing in this Stipulated Protective Order shall prevent or limit the designating party from disclosing Confidential Documents or Information it has designated.

B. Use of Confidential Documents or Information in The Conduct of this Action

1. Confidential Documents or Information may be used by counsel in good faith in connection with investigating this action, provided that the Confidential Documents or Information are protected pursuant to the terms and conditions of this Stipulated Protective Order.

2. Notwithstanding the designation of Confidential Documents or Information, a hearing that refers to or describes Confidential Documents or Information may be held unless the Court orders that the proceeding be conducted in camera, out of the presence of all unqualified persons, and any transcript relating thereto be designated as Confidential and that the time of preparation of the corresponding transcript of such testimony the reporter place the notation "Confidential" on each page of the transcript so designated, which transcript shall be separately bound and conspicuously marked on its cover.

3. If any non-designating party seek to file pleadings or other documents with the Court that contain Confidential Documents or Information, such

papers shall be accompanied by an application to file the papers, or the confidential portion thereof, under seal. Said application must demonstrate good cause for the filing under seal and shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portion thereof subject to the sealing application shall be lodged under seal.

## VI.
## RETURN OF CONFIDENTIAL DOCUMENTS, TESTIMONY, OR INFORMATION

Upon written request after the final conclusion of this action, the Parties shall:

A. Return any and all Confidential Documents or Information and all copies thereof in her possession, custody and control to the designating party;

B. Ensure that all Confidential Documents or Information in the possession, custody or control of any permitted parties or third parties are returned to the designating party;

C. Destroy all notes, memoranda or other documents that contain excerpts from any of the Confidential Documents or Information. Notwithstanding the foregoing, attorney work product, attorney-client communications, and information derived from Confidential Documents or Information may be retained by counsel.

## VII.
## PUBLIC DOCUMENTS

None of the restrictions set forth in this Stipulated Protective Order shall apply to any documents or other information that become public knowledge by means not in violation of the provisions of this Stipulated Protective Order. Nothing in this Stipulated Protective Order shall prevent any non-designating party from using any information that they properly possessed prior to receipt of any Confidential Documents

or Information from Defendant or that is discovered independently by them. The terms for the treatment of Confidential Documents or Information pursuant to the Stipulated Protective Order shall be effective only upon the entry of this Stipulated Protective Order.

///

## VIII.
## NO PROBATIVE VALUE

This Stipulated Protective Order shall not aggregate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Confidential Documents or Information.  The fact that information is designated "Confidential" under the Stipulated Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Stipulated Protective Order shall be without prejudice to the right of any party to bring before the Court (a) whether any particular material is or is not confidential or (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection under the terms of this Stipulated Protective Order, provided that in doing so, the party complies with the procedures set forth herein.  The fact that any information is disclosed, used, or produced in any proceeding in this action shall not be offered in any action or proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is admissible, confidential or proprietary.

## IX.
## NO IMPLIED WAIVER OF ADMISSION

No party shall be obligated to challenge the proprietary nature of any designation of "Confidential" information, and the failure to do so shall not constitute a waiver or otherwise preclude a subsequent challenge to the deposition.

# X.

# MODIFICATION OF THIS STIPULATED PROTECTIVE ORDER

Any party hereto may seek an order of the Court to modify the terms of this Stipulated Protective Order. Any application or motion seeking such modification must be served upon all counsel of record and filed in accordance with the California Code of Civil Procedure. Any party may seek an order of the Court for further protection of the confidentiality of information or documents, including but not limited, an attorney's eyes only provision.

# XI.

# PRIOR ORDERS

This Stipulated Protective Order shall not affect any prior order of the Court.

# XII.

# EXECUTION AND COUNTERPART

This Stipulated Protective Order may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures or any party upon the signature page of this Stipulated Protective Order shall be binding upon the parties hereto and may be submitted as though such signatures were original signatures.

**IT IS SO ORDERED. Note deletion of phrase at VB2.**

Dated: __October 4, 2012__          _____/s/_____
                                    UNITED STATES MAGISTRATE JUDGE